IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JASON KESSLER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18cv00015-NKM-JCH |
| | ) |
| CITY OF CHARLOTTESVILLE | ) |
| MAURICE JONES | ) |
| Charlottesville City Manager | ) |
| In his individual and official capacities | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, the City of Charlottesville ("City") and Maurice Jones, for their Answer and Affirmative Defenses to the Complaint in this action state as follows:

1. Paragraph 1 contains a characterization of Plaintiff's action and legal assertions as to which no answer is required; to the extent an answer is required the allegations are denied, and it is denied that Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution have been violated.

## PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 2, which concern another party, and the allegations are therefore denied.

3. Defendants admit the allegation of Paragraph 3.

4. Defendants admit the allegations of the first two sentences of Paragraph 4. The third sentence of Paragraph 4 contains a characterization of Plaintiff's action as to which no answer is required; to the extent an answer is required the allegations are denied.

1

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal assertions as to which no answer is required; to the extent an answer is required Defendants do not contest this Court's present jurisdiction or venue, and deny that Plaintiff has stated any claim or is entitled to any relief or remedies, including a temporary restraining order or a preliminary injunction.

## FACTS

6. Defendants admit the allegations of Paragraph 6.

7. Defendants admit the park was previously known as Lee Park and that a statue of Robert E. Lee has been located in the park since 1924, and state that the park is now known as Emancipation Park. Defendants deny the remaining allegations of Paragraph 7.

8. Defendants admit that the Charlottesville City Council voted in February of 2017 to remove the Lee statue from Emancipation Park.

9. Defendants admit that the Charlottesville City Council voted on April 17, 2017 to issue a Request for Proposals for a sale of the Lee statue, with the buyer required to relocate it. The remainder of Paragraph 9 consists of legal assertions and conjectures as to which no answer is required; to the extent an answer is required the allegations are denied, and it is expressly denied that the City acted illegally.

10. Defendants admit that the Charlottesville City Council voted on June 5, 2017 to rename Lee Park as Emancipation Park.

11. Defendants admit that since February, 2017 various special events and demonstrations have taken place within the park. Defendants otherwise lack knowledge or

information sufficient to form a belief as to the allegations of Paragraph 11, which concern the actions and motivations of third parties, and the allegations are therefore denied.

12. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 12, which concern the actions and motivations of another party, and the allegations are therefore denied, except that Defendants admit that the Plaintiff filed a permit application for use of the park on August 12, 2017.

13. Defendants deny the allegations of Paragraph 13. Paragraph 13 is also vague because it is not clear to which "rally" it refers.

14. Defendants deny the allegations of Paragraph 14.

15. Defendants admit that the City received a permit application from the Plaintiff on November 27, 2017 requesting, among other things, the use of Emancipation Park on August 11 and 12, 2018, and admit that a copy of the application is appended as Exhibit B to the Complaint. Defendants deny the remaining allegations of Paragraph 15 and expressly deny that Plaintiff submitted a proper application.

16. Defendants deny the allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17, except that the referenced denial is part of Exhibit D to the Complaint, not Exhibit C.

18. Defendants state that the denial letter that is part of Exhibit D to the Complaint is the best evidence of its contents.

19. Paragraph 19 contains legal assertions as to which no answer is required; to the extent an answer is required they are denied. The remainder of the allegations of Paragraph 19 are also denied, except that Defendants admit that on July 8, 2017 approximately 50 members of

the Ku Klux Klan congregated at a different park, Justice Park, and that the City, with others, took steps to protect the public safety in connection with that event.

20. Paragraph 20 contains legal assertions as to which no answer is required; to the extent an answer is required they are denied. The remainder of the allegations of Paragraph 20 is also denied.

21. Defendants admit that the City has granted permits for other events and that copies of permits are contained in Exhibit E to the Complaint. Defendants deny the remaining allegations of Paragraph 21.

22. Paragraph 22 consists of legal assertions as to which no answer is required; to the extent an answer is required they are denied.

23. Paragraph 23 consists of legal assertions as to which no answer is required; to the extent an answer is required they are denied. As to the footnote, the denial letter that is part of Exhibit D to the Complaint is the best evidence of its contents.

24. Defendants deny the allegations of Paragraph 24, which appear to be an inaccurate characterization of statements made by the City's former Mayor on the day alleged.

25. Defendants deny the allegations of Paragraph 25, which appear to be an inaccurate characterization of remarks made by the City's former Vice Mayor on the day alleged.

26. Defendants admit that Plaintiff contacted City staff in December, 2017, and deny the remainder of the allegations of Paragraph 26.

27. Defendants deny the allegations of Paragraph 27, except to admit that they sent a letter to Plaintiff's attorney on February 23, 2018, that it is part of Exhibit D to the complaint and state that the letter is the best evidence of its contents.

28. Defendants deny the allegations of Paragraph 28.

4

29. Defendants deny the allegations of Paragraph 29.

30. Defendants lack knowledge or information sufficient to form a belief as to the allegations of Paragraph 30, which concern the motivations of other parties, and the allegations are therefore denied.

31. Paragraph 31 consists of legal assertions as to which no answer is required; to the extent an answer is required they are denied.

All allegations in Paragraphs 1 through 31 not expressly admitted are hereby denied.

## FIRST CAUSE OF ACTION

32. In response to Paragraph 32, Defendants incorporate by this reference their responses to paragraphs 1 through 31 above.

33. Defendants deny the allegations of Paragraph 33.

34. Defendants deny the allegations of Paragraph 34.

35. Defendants deny the allegations of Paragraph 35.

## DEFENSES

1. The Complaint fails to state a claim on which relief can be granted.

2. Plaintiff is not entitled to any equitable relief because his own conduct has been inequitable.

3. Defendants are entitled to qualified immunity.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any relief in this action.

                                            s/**Lisa A. Robertson**
Chief Deputy and Acting City Attorney (VSB No. 32486)
Office of the City Attorney
P.O. Box 911
Charlottesville, VA 22902
(434) 970-3131 (phone)
(434) 970-3022 (fax)
robertsonl@charlottesville.org


s/**Linda Odom** (VSB No. 77149)
John Longstreth (admitted pro hac vice)
Daniel S. Cohen (VSB No. 92163)
K&L Gates LLP
1601 K St. NW
Washington, D.C. 20006
(202) 778 -9000 (phone)
(202) 778 -9100 (fax)
linda.odom@klgates.com
john.longstreth@klgates.com
dan.cohen@klgates.com

May 24, 2018

## Certificate of Service

I hereby certify that on May 24, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Elmer Woodard (VSB 27734).

                                                              s/**Linda Odom** (VSB No. 77149)
K&L Gates LLP
1601 K St. NW
Washington, D.C. 20006
(202) 778 -9000 (phone)
(202) 778 -9100 (fax)
linda.odom@klgates.com