# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| JASON KESSLER ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:18CV00015-NKM-JCH |
| ) | |
| ) | |
| CITY OF CHARLOTTESVILLE, ) | |
| MAURICE JONES ) | |
| Charlottesville City Manager ) | |
| In his individual and official capacities ) | |
| ) | |
| Defendants. ) | |

_____

## JOINT REPORT PURSUANT TO FED. R. CIV. P. 26(f)

1. Pursuant to Fed. R. Civ. P. 26(f), a conference of the parties was held on Friday, May 25, 2018, attended by:

Counsel for Plaintiff: Elmer Woodard
Counsel for Defendants: Linda Odom, John Longstreth, and Daniel S. Cohen

2. The parties:

___ have exchanged the discovery disclosures required by Rule 26(a)(1);

XX will exchange such disclosures on or before **June 6, 2018** pursuant to the order of May 7, 2018.

___ are exempt from disclosure under Rule 26(a)(1)(E); and/or

___ have agreed not to make initial disclosures.

3. The parties:

___ unanimously consent to the jurisdiction of, and entry of judgment by, the United States Magistrate Judge pursuant to 28 USC 636(c); and/or

X do not unanimously consent to the jurisdiction of and entry of judgment by the United States Magistrate Judge pursuant to 28 USC 636(c)

1

4. Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: **June 11, 2018.**

5. Is the case appropriate for mediation after a limited discovery period? Not at this time.

    Will the parties request the services of a court mediator? Not at this time.

    Has a settlement demand been made? Settlement was discussed at the conference. The parties plan to engage in further discussions as the case progresses and have not set a deadline to complete discussions.

    Date by which a settlement demand can be made? See above

    Date by which a response can be made to settlement demand? See above

6. Recommended Discovery Plan:

    a. Describe the subjects on which discovery is to be sought and the nature and extent of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

        The parties anticipate that discovery will be needed concerning the allegations in the complaint and the matters in Defendants' answer. Defendants anticipate that this will include discovery concerning the plaintiff's actions and plans in connection with his proposed activity, and as to relevant activities undertaken by him and others in concert with him.

    b. What changes should be made, if any, in the limitations on discovery imposed under the Fed. R. Civ. P. or the WDVA Local Rules, including the limitations to twenty-five (25) interrogatories, forty (40) requests for admissions, and the limitation of ten (10) depositions, each lasting no more than one seven-hour day?

        Consistent with the court's suggestion in its May 7, 2018 Order that expedited discovery may be necessary, the parties agree to the following requirements: objections to any written discovery served before the preliminary injunction hearing shall be filed within 5 days of service, and the discovery answered and all responsive documents provided within 15 days of service. Discovery may be served and responded to by e-mail.

        The parties do not believe that changes should be made in the timing, form, or requirement for disclosures under Rule 26(a) and anticipate making their initial disclosures, pursuant to the order issued on May 7, 2018, *on or before* **June 6, 2018.**

        The parties do not believe that changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules or that any other limitations should be imposed, except as follows.

The parties have agreed that each side may be permitted to take up to **25** depositions. Defendants believe that given the number of individuals with whom the Plaintiff has apparently discussed and/or planned the activities for which he has sought a permit, more than 10 depositions will likely be necessary. Defendants believe that most of these depositions would not require a full seven hour day and agree to limit 20 of the depositions to a four hour maximum.

Plaintiff has requested that the limitation in Rule 26(d)(1) of each deposition to one day of seven hours unless otherwise stipulated or ordered by the court be waived generally. Defendants oppose this.

Defendants agree to Plaintiff's request that each side be permitted to propound **50** (or fewer) requests for admission.

The parties will confer as the need arises for protective orders under Rule 26(c) or any other orders under Rule 16(b) or (c).

c. Additional recommended limitations on expansions of discovery:

   None at this time.

d. Describe the areas for which expert testimony is expected and indicate whether each expert will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2):

   None at this time.

e. Recommended date for identifying primary experts:

   At this time, Plaintiff does not anticipate calling any expert witnesses. Defendants are in the process of determining whether to call an expert witness. The schedule identifying primary expert witnesses shall be as set out in Court's May 7 Order: Plaintiff must make his initial expert disclosure on or before **July 23, 2018**, and Defendants must make their initial expert disclosure on or before **August 6, 2018**.

f. Recommended date for producing primary expert reports:

   The schedule for producing primary expert reports shall be as set out in the Court's May 7 Order: Plaintiff must produce all primary expert reports on or before **July 23, 2018**, and Defendants must produce all primary expert reports on or before **August 6, 2018**.

g. Recommended date for identifying rebuttal experts:

3

The parties agree, pursuant to Federal Rules of Civil Procedure Rule 26(a)(2)(D), they shall identify rebuttal expert witnesses within 30 days after the other party's disclosure of expert witnesses.

h. Recommended date for producing rebuttal expert reports:

The parties agree, pursuant to Federal Rules of Civil Procedure Rule 26(a)(2)(D), they shall produce rebuttal expert reports within 30 days after the other party's disclosure of expert witnesses.

i. Recommended discovery cut-off date:

Each party will serve discovery relevant to any motion for preliminary injunction so that it can be answered on or before **July 13, 2018**, the day that briefing on any preliminary injunction motion is to conclude.

Any remaining discovery will be completed by **October 15, 2018**.

7. Recommended dispositive motion deadline: 75 days before trial, but also see below.

The schedule for filing any motion for a preliminary injunction shall be as set out in Court's May 7 Order: any motion for preliminary injunctive relief will be filed on or before **June 22, 2018**; any response to such a motion will be filed on or before **July 6, 2018**; and any reply will be filed on or before **July 13, 2018**.

The parties agree that any motions to compel discovery or other nondispositive motions filed while any motion for a preliminary injunction is pending shall be briefed on the schedule generally applicable in the Eastern District of Virginia: a motion filed by a Friday may be noticed for the following Friday; the response will be due on the following Wednesday; and the reply will be due on the next day (Thursday).

Any motion for summary judgment shall be filed on or before **November 15, 2018**.

9. Recommended date for trial: The parties have received and agreed on a trial date the week of **April 8, 2019**.

10. Other matters for the attention of the Court:

To assist the Court in docketing this action for trial, the parties advise the Court that they currently estimate that each side would each need 2-3 days to present their respective cases, for a total estimated trial length of 4-6 days.

Respectfully Submitted,

/s/ Elmer Woodard
Elmer Woodard
Attorney at Law
5661 US Hwy 29
Blairs VA 24527
434-878-3422
VSB 27734
isuecrooks@comcast.net

*Counsel for Plaintiff*

Lisa A. Robertson (VSB No. 32486)
Acting City Attorney
Sebastian Waisman (VSB No. 91665)
Assistant City Attorney
Office of the City Attorney
P.O. Box 911
Charlottesville, VA 22902
(434) 970-3131 (phone)
(434) 970-3022 (fax)
robertsonl@charlottesville.org
waismans@charlottesville.org

/s/ Linda Odom
Linda Odom (VSB No. 77149)
John Longstreth (admitted pro hac vice)
Daniel S. Cohen (VSB No. 92163)
K&L Gates LLP
1601 K St. NW
Washington, D.C. 20006
(202) 778 -9000 (phone)
(202) 778 -9100 (fax)
linda.odom@klgates.com
john.longstreth@klgates.com
dan.cohen@klgates.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 4th day of June 2018, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEFF) to counsel of record in this matter.

/s/_Linda Odom_____