UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

JASON KESSLER

Plaintiff,

v.

CITY OF CHARLOTTESVILLE
MAURICE JONES
Charlottesville City Manager
In his individual and official capacities

Defendants.

Case No. 3:18-cv-00015-NKM-JCH

**MOTION TO COMPEL PLAINTIFF TO RESPOND TO DEFENDANTS FIRST SET OF INTERROGATORIES AND FIRST SET OF DOCUMENT REQUESTS AND REQUEST FOR SANCTIONS**

Pursuant to Federal Rule of Civil Procedure ("FRCP") 37, Defendants, City of Charlottesville and Maurice Jones, ("Defendants"), by and through their counsel, hereby move the Court for an order compelling Plaintiff Jason Kessler ("Plaintiff") to cure the deficiencies in his responses to interrogatories and requests for production of documents propounded by Defendants, and for their costs accrued in bringing this motion. Additionally, Defendants respectfully request the that Court issue an order for forensic examination of Plaintiff's electronic devices, and grant Defendants' request for an adverse inference about the content of evidence Plaintiff destroyed or failed to preserve.

Pursuant to Rule 37(a)(1), Defendants state that they have attempted to resolve the matter on several occasions, including a letter detailing deficiencies to which Plaintiff has not responded and through requests at Plaintiff's deposition. Plaintiff agreed to do some additional searching, but given his history and the short time frame in this case this motion is necessary.

From the outset of this action, Plaintiff has been the source of delay,[1] and this pattern has continued into discovery, which is proceeding under an expedited schedule as ordered by the Court. ECF No. 10. Pursuant to the Rule 26(f) conference report, and under the expedited schedule set by the Court, standard discovery deadlines were shortened and parties had 5 days to serve objections to any discovery, and 15 days to respond to discovery requests. ECF No. 18.[2]

## FACTUAL BACKGROUND

On June 4, 2018, Defendants served Plaintiff with a First Set of Interrogatories and First Set of Discovery Requests ("Interrogatories" "Requests for Production" or collectively, "Discovery Requests"). Declaration of Linda Odom, Ex. A. Pursuant to the parties' agreed upon discovery plan, Plaintiff's objections were due within 5 days and responses within 15 days. ECF No. 18. Accordingly, Plaintiff's objections were due June 9, 2018, and its responses and production were due no later than June 19, 2018. Plaintiff served no objections to Defendants' Interrogatories or Requests for Production, and further failed to respond to the Discovery Requests on June 19, 2018. On June 20, Defendants' counsel called Plaintiff's counsel to inquire about Plaintiff's responses to the Discovery Requests, and then followed up that telephone call with an e-mail the afternoon of June 20, 2018. Declaration of Linda Odom, Ex. B. Plaintiff's discovery responses were served the evening of June 20, as were 7 e-mails forwarded via Plaintiff's counsel, but the remaining (and vast majority of) documents were not produced to Defendants until mid-day June 21. Declaration of Linda Odom, Ex. C. On June 22, 2018,

[1] Plaintiff filed suit on March 6, 2018, ECF No. 1, but did not serve Defendant Maurice Jones until April 19, 2018, and Defendants City of Charlottesville until April 20, 2018, six weeks after he filed suit.

[2] The briefing schedule for Plaintiff's motion for a preliminary injunction (ECF No. 10) provides a two week period for Defendants' to file their opposition (due July 6, 2018), and one week for Plaintiff to file any reply. Defendants' respectfully request that the motion to compel be heard at the Court's earliest available date.

Defendants sent Plaintiff a letter detailing the deficiencies in its responses to the Discovery Requests. Declaration of Linda Odom, Ex. D.

Plaintiff has failed to respond to Defendants' letter regarding the deficiencies, but during Plaintiff's deposition on June 27, 2018, Defendants sought additional information regarding these items. During his deposition, Plaintiff testified that he was not informed of the Discovery Requests until after the deadline for production had passed. Declaration of Linda Odom, Ex. E at 75:6-9. Plaintiff further testified that he gathered the materials in response to Defendants' Discovery Requests that day; the day after any response was due. Declaration of Linda Odom, Ex. E at 112:18-25; 113:1-2. Plaintiff also testified about steps he took–during his single day search for documents responsive to the Discovery Requests. Plaintiff searched his laptop and desktop for things "he thought were relevant" as well as the terms "Unite the Right 2" and "UTR2," but utilized no other search terms or derivations of those terms, and failed to confer with Defendants on appropriate search terms. Declaration of Linda Odom, Ex. E at 100:3-14. Plaintiff testified that he looked at his cell phone for responsive text messages, but Plaintiff's production contained only text messages between him and Captain Wendy Lewis of the Charlottesville Police Department. In addition to the above deficiencies, Plaintiff testified that since the inception of this action he has continued to utilize platforms and messaging systems such as gab.ai, VK, and Signal, and has made no effort to preserve such communications, even though he knows that private chat messages are automatically deleted from those platforms in approximately 7 days or less. Declaration of Linda Odom, Ex. E at 109:16-111:10; 114:18-115:3. This is an egregious and knowing violation of Plaintiff's discovery obligations.

Further, Plaintiff has refused to provide any responsive items that he believes Defendants could find publically. Declaration of Linda Odom, Ex. E at 66:8-14; 108:17-18; 119:1-19. This position is unsupported in the law and does not satisfy Plaintiff's discovery obligations.

Lastly, following the limited production made to Defendants on June 21, Plaintiff individually–and not through counsel–deleted a file previously produced from a Dropbox account Plaintiff utilized to produce documents, and did so without notification to Defendants. Declaration of Linda Odom, Ex. F. Defendants reached out to counsel for Plaintiff for clarification of what was deleted and the basis for so doing (Declaration of Linda Odom, Ex. F. Plaintiff's counsel stated that the original file was deleted and had been replaced with a redacted version, and that the redactions of the names and images of the individuals were on the basis that Plaintiff alleges they have a right to participate anonymously in First Amendment political activity. Declaration of Linda Odom, Ex. G.

Plaintiff's failure to comply with his discovery obligations has already caused significant prejudice to Defendants.

## ARGUMENT

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b). "The scope of relevancy under discovery rules is broad, such that relevancy encompasses any matter that bears or may bear on any issue that is or may be in the case." Carr v. Double T Diner, 272 F.R.D. 431, 433 (D. Md. 2010). "Relevancy is not limited by the exact issues identified in the pleadings, the merits of the case, or the admissibility of discovered information." Kidwiler v. Progressive Paloverde Ins. Co, 192 F.R.D. 193, 199 (N.D. W.Va. 2000). Defendants' served tailored Discovery Requests

seeking information regarding the rally organized by Plaintiff on August 12, 2017, and the event at issue in this action, Plaintiff's proposed event in Emancipation Park on August 11 and 12, 2018. Declaration of Linda Odom, Ex. A. Plaintiff's efforts are grossly inadequate to comply with his discovery obligations.

## I. PLAINTIFF TOOK INSUFFICIENT ACTIONS TO COMPLY WITH HIS DISCOVERY OBLIGATIONS

### A. Plaintiff did not timely object to any portion of any of the Discovery Requests

Plaintiff has not met his burden for objecting to any of the Discovery Requests. A party objecting to discovery sought carries the burden of proving that the challenged discovery production should not be permitted. Capital One Bank N.A. v. Hess Kennedy Chartered, LLC, No. 3:08cv147, 2008 U.S. Dist. LEXIS 76385, at *4–5 (E.D. Va. Sept. 30, 2008). And where the recipient of a subpoena objects to discovery sought, they must raise their "objections at once, rather than in staggered batches, so that discovery does not become a game." Hanwha Azdel, Inc. v. C & D Zodiac, Inc., No. 6:12-CV-00023, 2013 WL 3660268, at *2 (W.D. Va. June 6, 2013), adopted, No. 6:12-CV-00023, 2013 WL 3660562 (W.D. Va. July 11, 2013) (citation omitted). Pursuant to the expedited discovery schedule to which the parties agreed, any objections to the Discovery Requests were due within 5 days of service, June 9, 2018. ECF No. 18. Even allowing for the weekend, Plaintiff's objections should have been served to Defendants no later than Monday June 11, 2018. Plaintiff waived any objections to the Discovery Requests when he failed to serve any objections within the time frame required under the protocol agreed to in the Parties Rule 26(f) report.

### B. Plaintiff Failed to Conduct an Appropriate Search for Responsive Documents

It is well established that in order to comply with discovery obligations, a party must do more than perform "half-hearted" and "scatter-shot" inquiries. Poole ex. rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000). Where document requests seek "all" of a specific type of document, and plaintiff produces a single example, that demonstrates a "lack of an adequate inquiry." Id. Plaintiff "has not even attempted to locate certain responsive documents," thus, Defendants have met their burden to demonstrate that Plaintiff's limited, scatter shot efforts to respond to discovery in this case are inadequate. Selee Corp. v. McDanel Advanced Ceramic Tech., LLC, Case No. 1:15-cv-129-MR, 2016 WL 4546446 at *2 (W.D. N.C. 2016).

"The Federal Rules of Civil Procedure place an affirmative obligation on an attorney to ensure that a client's search for responsive document and information is complete." Logtale, Ltd. V. IKOR, Inc., 2913 WL 3967750 at *2 (N.D. Cal. 2013). During his deposition, Plaintiff testified that he did "not really" receive any direction from his counsel on how to respond to the discovery. Declaration of Linda Odom, Ex. E at 82:16-19. Plaintiff also testified that he "had to rush to get everything" because he "was not made aware of the discovery request until after it was already due" and "only had a day" to identify documents. Declaration of Linda Odom, Ex. E at 75:6-9; 113:1-2. Further, Plaintiff testified that he did not search electronic mediums he utilized for responsive records. For example, Plaintiff was asked "[d]id you search on the Discord server for those?" and he responded: "No." Declaration of Linda Odom, Ex. E at 112:22-24. Plaintiff also failed to search for or produce any responsive documents from gab.ai or Twitter. Declaration of Linda Odom, Ex. E at 119:1-15.

The primary documents Plaintiff produced in response to the Discovery Requests were materials from discovery Plaintiff produced in other cases. Declaration of Linda Odom, Ex. E at 95:1-96:21; 97:18-98:19. In addition to documents collected for other cases, Plaintiff produced a

single PDF containing records from his Facebook messenger chats and fewer than 10 e-mails. Declaration of Linda Odom, Ex. E at 96:5-21 and 98:8-19. Plaintiff testified that he only looked for things that "had not been disclosed in other legal proceedings." Declaration of Linda Odom, Ex. E at 96:5-21, and that in searching for e-mails the only terms he searched for were "Unite the Right 2" and "UTR 2." Declaration of Linda Odom, Ex. E at 100:3-20. Plaintiff did not use any other obvious, but still limited, search terms such as "Charlottesville," "white civil rights," "Washington, D.C." that would identify responsive electronic communications between him and others, nor did he search for any of the names of individuals with whom he has spoken to about his Proposed Event. These individuals include, at a minimum, Brian Lambert, who Plaintiff identified as an individual with whom he had communicated (Declaration of Linda Odom, Ex. H , Plaintiff's response to Interrogatory No. 1) and Marcus Boechat. Declaration of Linda Odom, Ex. H.[3] The inadequacy of Plaintiff's search is further highlighted by the fact that Defendants have been able to identify responsive documents not produced by Plaintiff. Courts have found that indicative of a "haphazard search for records," which reflected a party's "disregard[ ] [of] its obligation to conduct a reasonably diligent search for responsive documents." Carillo v. Scheider Logistics, Inc., 2012 WL 4791614 at *5 (C.D. Cal. 2012).

Plaintiff also failed to conduct an effective search for text messages that were responsive to the Discovery Requests. Discovery Request No. 12 sought all text messages between February 6, 2017 and the present regarding Plaintiff's Complaint (ECF No. 1). Although Plaintiff testified that he placed text messages in the Dropbox folder (Kessler Deposition at 56:14-25), the only text messages Defendants have identified are between Plaintiff and Captain

---

3 But even those two additional names would have been insufficient as Interrogatory No. 1 sought information about 25 individuals and organizations, and Request No. 15 sought documents about 57 individuals or organizations, none of whom Plaintiff searched for, according to his testimony. (Declaration of Linda Odom, Ex. E at 100:3-20.

Wendy Lewis of the Charlottesville Police Department. In addition, Plaintiff testified that he had exchanged text messages with Richard Spencer about his proposed August 2018 event, which were still on his phone, but that were not produced. Declaration of Linda Odom, Ex. E at 49:16-50:17 and 54:17-20. Plaintiff also testified that "there might be stuff that is more recent that's not [in the Dropbox folder]." Declaration of Linda Odom, Ex. E at 56:1-2.[4] Plaintiff's actions are clearly insufficient to identify documents sought by the Discovery Requests and to comply with his discovery obligations.[5]

Lastly, Plaintiff stated in his deposition that if there were any documents that were or may be responsive to Defendants' Discovery Requests, but that Plaintiff considered publicly available, that he had no obligation to produce any such records. Declaration of Linda Odom, Ex. E at 66:8-14; 108:17-18; 119:1-19. However, the fact that information may be publicly available "is not a substantial justification for untimely production, nor does it make the failure to produce [such records] harmless." Transamerica Life Ins. Co. v. Lincoln Nat. Life Inst. Co., 255 F.R.D. 645 (N.D. Iowa 2009). See also, Burd v. Ford Motor Co., 3:13-cv-20976, 2015 WL 4137915 (S.D. W.Va. 2015)(Plaintiff's objection that the documents sought are available to defendants is "not meritorious"); Jackson v. West Virginia University Hospitals, Inc., Case No. 1:10-cv-107, 2011 WL 1831591, at *2 (N.D. W.Va. May 12, 2011) (collecting cases and holding

---

4 Although Plaintiff stated during his deposition that he would check his phone for additional text messages not previously produced, and for which there is no indication Plaintiff searched for initially, there is no reason to believe that Plaintiff will comply with his discovery obligations at this junction.

5 Based on Plaintiff's deposition testimony, it is unclear Plaintiff ever received adequate instructions from his counsel regarding the preservation of evidence. John B. Goetz, 879 F. Supp. 2d 787, 871 (M.D. Tenn. 2010) (noting the active supervision of counsel is necessary to ensure a party fully complies with its discovery obligations).

that "courts have unambiguously stated that this exact objection is insufficient to resist a discovery request.").

Plaintiff's own testimony establishes that his efforts to identify documents responsive to the Discovery Requests were deficient in that he failed to search numerous sources for responsive documents, and conducted an inadequate search of electronic sources within his possession, custody, or control. Plaintiff's failure to comply with his discovery obligations has already resulted in prejudice to Defendants' and their forthcoming opposition to Plaintiff's Motion for a Preliminary Injunction.

## II. PLAINTIFF INAPPROPRIATELY REDACTED RESPONSIVE INFORMATION AND REFUSED TO ANSWER RELATED QUESTIONS IN HIS DEPOSITION

One of the items Plaintiff produced via Dropbox on June 20, 2018 was a PDF of his private messages from Facebook. Declaration of Linda Odom, Ex. C. Two days later Plaintiff deleted from the Dropbox account this PDF, which Defendants only learned about because of a notification from Dropbox. Declaration of Linda Odom, Ex. J. Defendants sought identification of what was deleted, and an explanation for the withdrawal of produced materials from Plaintiff's counsel. Declaration of Linda Odom, Ex. F. Only then were Defendants notified that Plaintiff was replacing the original file with a redacted copy. Declaration of Linda Odom, Ex. G. Plaintiff's counsel stated that the original file was deleted and had been replaced with a redacted version, and that the redactions of the names and images of the individuals were on the basis that Plaintiff alleges they have a right to participate anonymously in First Amendment political activity, but has put forward no case law supporting such a right in this context.[6] Declaration of Linda Odom, Ex. G. During his deposition, Plaintiff testified that the material redacted from the records Plaintiff produced from Facebook related to individuals involved in communications

[6] Plaintiff further failed to provide a privilege log for redacted documents.

related to the Unite the Right rally in 2017. Declaration of Linda Odom, Ex. E at 317:19-318:19.[7]

Plaintiff's refusal to produce this information is unwarranted, and inconsistent with case law. Plaintiff has an obligation to make a *prima facie* showing that the disclosure of this information would have a chilling effect on the First Amendment rights of the individuals whose identities would be disclosed. In re Motor Fuel Temperature Sales Practices Litigation, 641 F.3d 470 (10th Cir. 2011). Plaintiff has failed to meet this burden. Further, where discovery implicates the First Amendment, courts in this circuit balance the burdens imposed by the disclosure. Where, as here, one party has a significant interest in disclosure, and where the moving party has agreed to a protective order, the balance may favor the party seeking the disclosure. See, e.g., In re Drasin, No. 1401140, 13-cv-304, 2013 WL 3866777 (D. Md. 2013). Defendants have a significant interest in knowing who these individuals are due to the safety concerns the event poses, and a protective order would satisfy the non-parties' First Amendment interest. "[T]he the identity of an anonymous speaker may be disclosed during discovery to protect a litigant's legitimate interest in vindicating his or her legal rights in court." Id. at *2 (citing Lefkoe v. Jos A. Bank Clothiers, Inc., 577 F.3d 240, 249 (4th Cir. 2009) stating that Lefkoe upheld "disclosure of third-party witness's identifying information because there was a "substantial governmental interest in providing [defendant] a fair opportunity to defend itself in court … by requiring the [witness] to reveal its identity and provide the relevant information," which outweighed the witness's right to anonymous commercial speech."). See also, John Doe No. 1 v. Reed, 561 U.S. 186, 197 (2010) (examining political speech in the electoral context and

---

[7] Further, redactions based on relevancy alone are improper. Bartholomew v. Avalon Capital Grp., Inc., 278 F.R.D. 441, 451 (D. Minn. 2011) (Ordering unredacted documents produced because "[r]edaction is an inappropriate tool for excluding alleged irrelevant information from documents that are otherwise responsive to a discovery request.").

holding that disclosure of the identities of individuals engaged in political speech may be warranted where there is a "'substantial relation' between the disclosure requirements and a 'sufficiently important governmental interest'" (internal quotations marks and citation omitted)). Defendants have provided Plaintiff's counsel with a draft protective order, which would provide the opportunity for Plaintiff to designate material as confidential, and thus address Plaintiff's stated concerns for the First Amendment rights of others to engage in political speech.[8] A protective order is sufficient to address any potential First Amendment concerns related to these materials. Plaintiff's delay has already prejudiced Defendants. In these circumstances, ordering Plaintiff to produce the redacted information, and to respond to questions he refused to answer on this basis during his deposition is appropriate.

## III. PLAINTIFF HAS KNOWINGLY FAILED TO PRESERVE RELEVANT COMMUNICATIONS WARRANTING AN ADVERSE INFERENCE

As a result of his knowing, continued use of electronic communication platforms that do not store communications, while failing to preserve records of those communications himself, Plaintiff has failed to comply with his discovery obligations to preserve evidence. See, e.g., Silvestri v. Gen. Motors Corp., 271 F.3d 583, 592 (4th Cir. 2001) (Parties have an obligation to preserve evidence in anticipation of litigation). And where a party knows evidence is relevant to an issue in the trial, and his or her willful conduct results in the "loss or destruction" of those materials, an adverse inference is warranted. Vulcan Materials Co. v. Massiah, 645 F.3d 249, 259-60 (4th Cir. 2011). See also Norfolk and Western Ry. Co. v. Transp. Comm'ns., 17 F.3d 696, 702 (4th Cir. 1994) ("drawing of an adverse inference against a party who fails to come

---

8 To date, Plaintiff's counsel has not provided comments or otherwise indicated it agreed to the proposed document so that the parties can submit it for the Court's review and request that the Court enter the protective order. See Declaration of Linda Odom, Ex. E at 319:10-321:5 and Ex. K (A. Eldridge e-mail re-sending proposed protective order to Kolenich).

forward with relevant evidence within its control is a reasonable and well-recognized evidentiary rule").

The Discovery Requests sought all documents Plaintiff sent or received regarding his proposed August 2018 rally, any documents or communications regarding attendance or activities at the proposed August 2018 rally, and any documents reflecting instructions disseminated to organizations or entities regarding the proposed August 2018 rally. Declaration of Linda Odom, Ex. A at 10 (Request Nos. 1 and 5). Plaintiff testified at his deposition that he has private chats on VK and Signal, which are messenger services that "wipes itself after a certain period of time," that he has made no effort to preserve any of these communications, and that they are no longer available. Declaration of Linda Odom, Ex. E at 109:16-111:10; 114:18-115:3. This is despite Plaintiff's testimony that his practice is to preserve other records relevant to his on-going litigation by saving Word documents with information "relevant" to the "Charlottesville Unite the Right litigation cases" or this action. Declaration of Linda Odom, Ex. E at 101:3-102:3. Plaintiff also testified that he preserved some records from chat rooms. Declaration of Linda Odom, Ex. E at 105:20-106:1. Yet Plaintiff failed to take any steps to preserve communications from other messaging services and further testified that he explicitly uses these services in order to have private communications about the rally. Declaration of Linda Odom, Ex. E at 110:19-22. Plaintiff's testimony establishes that he has engaged in communications responsive to the Discovery Requests, and that he knowingly and intentionally failed to preserve those records.

In these circumstances sanctions against Plaintiff for the spoliation of evidence are warranted. Defendants respectfully request that the Court grant an adverse inference regarding these materials Plaintiff failed to preserve.

## IV. PLAINTIFF'S INTERROGATORY RESPONSES WERE DEFICIENT

Plaintiff's responses to Defendants' Interrogatories were deficient. Defendants served Plaintiff fifteen (15) Interrogatories. Declaration of Linda Odom, Ex. A. Thirteen of Plaintiff's responses were deficient, as outlined in Defendants' June 22, 2018 letter to Plaintiff's counsel regarding the deficient discovery. Declaration of Linda Odom, Ex. D. Plaintiff has not cured the deficiencies or otherwise responded to the letter.

"An attorney or party has a duty, per Rule 26(g), to perform a reasonable inquiry to determine whether a discovery response is complete and accurate. See Fed. R. Civ. P. 26(g)(1). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Fed. R. Civ. P. 26, Advisory Committee Note, 1983 Amendment. "[T]he signature [on the discovery responses] certifies that the lawyer has made a reasonable effort to assure that the client has provided all the information and documents available to him that are responsive to the discovery demand." Fed. R. Civ. P. 26, Advisory Committee Note, 1983 Amendment. Plaintiff's deposition testimony clearly illustrated that no reasonable inquiry was made. Plaintiff testified that the discovery responses in this case were compiled in one day, yet Plaintiff's counsel certified by his signature on his answers to Defendants' interrogatories that Plaintiff had made a complete production of responsive materials. See, e.g., Johnson v. BAE Sys., Inc., No. 11-CV-02172 (RLW), 2013 WL 6241135, at *68-69 (D.D.C. Nov. 27, 2013).

Further, Plaintiff failed to properly answer (or timely object) the Interrogatories, and has failed to cure the deficiencies once raised. Plaintiff's counsel's certification–contradicted by Plaintiff's deposition testimony–that there had been complete production confirms Plaintiff's failure to comply with his discovery obligations. Ordering Plaintiff to fulfill his discovery

obligations, and granting Defendants' request for monetary sanctions are appropriate remedies for Plaintiff's failures.

## V. FORENSIC REVIEW OF PLAINTIFF'S ELECTRONIC DEVICES IS WARRANTED

Finally, Defendants request the appointment of a neutral forensics examiner, at Plaintiff's expense, to image all electronic devices (to include desktop and laptop computers, Plaintiff's current cell phone, and Plaintiff's prior cell phone), e-mail accounts, and social media accounts in the possession, custody, or control of Plaintiff. Defendants further request that this review be conducted in accordance with protocols agreed on by the parties or established by the Court to ensure that all responsive, non-privileged materials are fully produced. Such measures are necessary due to Plaintiff's unwillingness to provide Defendants with responsive documents, his grossly inadequate search for responsive documents, his willful decision not to preserve communications he knew would be deleted, and Plaintiff's prior unilateral withdrawal of produced documents without notice or adherence to proper procedure.

Defendants believe that the only way to ensure the timely and adequate production of responsive materials is for the Court to appoint a neutral expert. See, e.g., Procaps S.A. v. Patheon Inc., No. 12-24356-CIV, 2014 WL 800468, at *3 (S.D. Fla. Feb. 28, 2014) (ordering independent forensic review due to the "indisputable conclusion that the ESI and document searches were inadequate—a scenario which strongly suggests that some (and perhaps even a significant amount of) responsive discovery from [the party] has not yet been located and mandates a comprehensive forensic search of [the party's] ESI and other sources of relevant documents."); Bank of Mongolia v. M&P Global Fin. Servs., Inc., 258 F.R.D. 514, 520 (S.D. Fla. 2009) (noting appropriateness of forensic review "based on the discrepancies between Defendants' Response to Plaintiff's Requests for Production and their concession at the hearing

that not all documents have yet been produced, and particularly in light of the recovery of apparently responsive documents by the Plaintiffs from third-party sources"); Peskoff v. Faber, 244 F.R.D. 54, 58-59 (D.D.C. 2007) (noting that the existence of "many questions as to [the production's] completion and the sufficiency of the searches performed" counseled in favor of a forensic review); Ameriwood Indus., Inc. v. Liberman, No. 4:06CV524-DJS, 2006 WL 3825291, at *4 (E.D. Mo. Dec. 27, 2006) (ordering independent forensic review where e-mail produced by third party but not included in party's productions "raises the question of whether defendants have in fact produced all documents responsive to plaintiff's discovery requests"); Simon Prop. Group L.P. v. mySimon, Inc., 194 F.R.D. 639, 641 (S.D. Ind. 2000) (ordering independent forensic review where there were "troubling discrepancies with respect to defendant's document production").

As was the case in Procaps, there is an "indisputable conclusion," that the search for responsive documents was insufficient. See Procaps, 2014 WL 800468, at *3. This "strongly suggests that some (and perhaps even a significant amount of) responsive discovery from [the party] has not yet been located and mandates a comprehensive forensic search of [the party's] ESI and other sources of relevant documents." Id.

Moreover, as the court observed in Bank of Mongolia, one factor that militates in favor of an independent review is the discovery of documents that were inappropriately withheld from productions. Indeed, in Ameriwood, the existence of a single e-mail produced by a third party but not included in a party's productions played a key role in the decision to order an independent forensic review. See Ameriwood, 2006 WL 3825291, at *3 ("In light of the . . . email, the Court finds that other deleted or active versions of emails may yet exist on defendants'

computers.”). Defendants have independently identified documents Plaintiff failed to produce. See, e.g., Declaration of Linda Odom, Exs. L & M.

## CONCLUSION

Defendants, respectfully request that the Court enter an order compelling Plaintiff to cure the deficiencies in his discovery responses by July 11, 2018, and permit Defendants to file a supplemental brief in support of their opposition to Plaintiff's Motion for Preliminary Injunction on or before July 13, 2018. Defendants further request, pursuant to Federal Rules of Civil Procedure 26(g) and 37(c), monetary sanctions for their reasonable expenses incurred in making this motion, including attorney fees for time spent: 1) requesting the search of Plaintiff's electronic communications; 2) following up on deficiencies and otherwise fulfilling their meet and confer obligations; 3) drafting this motion and preparing any reply that may be needed; and 4) arguing the motion. Additionally, based on Plaintiff's use of social media and private text and chat forums that did not preserve relevant communications, Defendants request an adverse inference that the unpreserved communications would have supported Defendant city of Charlottesville's public safety basis for Defendants denial of Plaintiff's permit request for the August 11-12, 2018 rally. Further, to the extent that a forensic review of Plaintiff's electronic devices determines that there are additional deleted files that cannot be recovered, Defendants request an adverse inference instruction regarding the possible existence of other documents harmful to Plaintiff's position.

DATED: June 29, 2018

/s/ Linda Odom
Linda Odom (VSB No. 77149)
John Longstreth (*pro hac vice*)
Daniel S. Cohen (VSB No. 92163)

**K&L Gates LLP**
1601 K St. NW
Washington, D.C. 20006
Tel: (202) 778 -9000
Fax: (202) 778 -9100
Email: linda.odom@klgates.com
john.longstreth@klgates.com
dan.cohen@klgates.com

Lisa A. Robertson
Chief Deputy and Acting City Attorney (VSB No. 32486)
Sebastian Waisman (VSB No. 91665)
**Office of the City Attorney**
P.O. Box 911
Charlottesville, VA 22902
Tel: (434) 970-3131
Fax: (434) 970-3022
Email: robertsonl@charlottesville.org
waismans@charlottesville.org

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2018, the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing (NEF) to counsel of record in this matter.

/s/ Linda Odom_____________
Linda Odom (VSB No. 77149)
**K&L Gates LLP**
1601 K St. NW
Washington, D.C. 20006
Tel: (202) 778 -9000
Fax: (202) 78 -9100
Email: linda.odom@klgates.com

*Counsel for Defendants.*