# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

JASON KESSLER )
 )
      Plaintiff, )
 )
v. ) Case No. 3:18cv00015-NKM-JCH
 )
CITY OF CHARLOTTESVILLE )
MAURICE JONES )
Charlottesville City Manager )
In his individual and official capacities )
 )
      Defendants. )
_____)_____

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND FIRST SET OF
DOCUMENT REQUESTS TO PLAINTIFF JASON KESSLER**

Defendants City of Charlottesville and Maurice Jones, pursuant to Federal Rules of Civil Procedure 26, 33, 34, and 37, and the parties' agreement at their conference pursuant to Federal Rules of Civil Procedure Rule 26(f), serve the following interrogatories and document requests upon Plaintiff, to be answered under oath within fifteen (15) days, with any objections filed with five (5) days. These interrogatories and document requests are continuing in nature, and Plaintiff is required to provide such additional information and documents as Plaintiff, attorneys for Plaintiff, or anyone acting on behalf of or in concert with Plaintiff may have or may obtain between the time the answers are served and the time of trial as provided by Rule 26(e).

I. DEFINITIONS

1. "The term "2017 Event" means the event for which you received a permit for activities taking place on August 12, 2017, and all the activities related to that event which occurred on August 12, 2017.

2. "And" shall also mean "or" and vice versa.

3. "Any" shall also mean "all" and vice versa.

4. "City" shall mean the City of Charlottesville and all current and former employees, agents, agencies, and City Councilors or their staffs.

5. The term "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications (including those on computers or mobile devices) and oral communications.

6. The term "Complaint" shall mean the Complaint filed by Plaintiff in the United States District Court for the Western District of Virginia on March 6, 2018, and served on April 20, 2018, in the matter captioned *Jason Kessler v. City of Charlottesville and Maurice Jones*, Case No. 3:18cv00015.

7. "Computer" shall mean any personal computer, including a desktop or laptop computer, tablet, or mobile device.

8. The term "control" and its correlatives shall mean, without limitation, the possession, whether direct or indirect, or the power to direct or cause the direction of the management and policies of a person, whether through ownership of an equity interest, by corporate position, by contract, or otherwise.

9. "Defendants" shall mean Defendants City of Charlottesville and Maurice Jones, City Manager.

10. The phrase "detailed description" or "describe in detail" as used herein means to set out every aspect of every fact, circumstance, act, omission, or course of conduct known to you relating in any way to the matter inquired about, including, without limitation, the date and place thereof; the identity of each person present thereat, connected therewith, or who has

knowledge thereof; the identity of all persons relating thereto; and if anything was said by any person, the identity of each such person and each such oral statement; and if the oral statement in whole or in part constituted or was contained or reported, summarized or referred to in any documents, the identity of each such document.

11. The word "document" as used herein shall be understood to mean all written, graphic, digital, electronic, audio, or otherwise recorded matter, however produced or reproduced, in the actual or constructive possession, custody, care or control of you, your agents and attorneys, or any of them, including but not limited to originals and all copies of correspondence, electronically stored information, electronic mail or "e-mail," mobile device texts, blog posts, twitter posts, instagram posts, gab.ai posts, Internet chat room entries, other Internet-based communications, tapes, disks, notes, photographs, sound recordings, memoranda of all types, reports, copies of tax returns and records, receipts, bills, invoices, purchase orders, charge slips, hotel charges, working papers, computer printouts, charts, statistical records, delivery records, stenographers' notebooks, desk calendars, appointment books, diaries, time sheets and logs, job, matter and transaction files, and any papers or recordings similar thereto, whether made or received by you.

12. The terms "identify" and "the identity of" shall mean: (a) with respect to a natural person, to state the person's name and last known home address, home telephone number and mobile device telephone number, and all known email addresses and social networking site account names, including but not limited to account names for Facebook, Twitter, Gab.ai, YouTube, and any other social networking site accessed through any method, including smartphone applications such as Snapchat and Instagram.; (b) with respect to an organization or entity, to state the full name of the organization or entity and any known website or social media

3

account; (c) with respect to a document, to state the names and titles of the author(s) and/or signatory(ies), and of the addressee(s) and/or recipient(s) of any copies; the subject matter or title; the date of the document; the division, department, or unit of the organization with which the author(s) and/or addressee(s) are or were affiliated; and its present location and custodian; (d) with respect to an oral communication, to state the names of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication, and with respect to a written communication to state the date, the parties to the communication and how it was transmitted; and (e) with respect to a social networking site, to state the URL, the username or screenname you use on each site, and the approximate time period you used each such site.

13. The term "including" shall mean, including but not limited to.

14. "Mobile device" shall mean any cellular or satellite telephone or other mobile communications or Internet or WiFi access device, including mobile phones, cell phones, smartphones, tablets such as Apple® iPads® and Samsung® Galaxy® and any other device capable of sending or receiving a telephone [voice] call, video call, text message or email message, or other, similar communications (such as postings to/ from social networking sites).

15. The term "person" shall mean an individual, corporation, proprietorship, partnership, sole partnership, union, federation, association, or any other kind of entity.

16. "Plaintiff," "you," or "your" shall mean Plaintiff Jason Kessler, as well as his agents, attorneys, representatives, accountants, consultants, and any other individual associated or affiliated with him or purporting to act on his behalf for any purpose whatsoever.

17. The term "Proposed Event" means the event for which you filed a permit application on November 27, 2017, for the use of Emancipation Park of August 11 and 12, 2018.

4

18. The phrases "referring to" and "relating to" (or forms thereof, such as "refers to," etc.) shall mean constituting, reflecting, representing, supporting, affecting, pertaining to, bearing upon, touching on, in connection with, involving, applying to, in conjunction with, having to do with, contradicting, stating, analyzing, noting, embodying, containing, mentioning, studying, recording, discussing, evaluating or being relevant to. The term necessarily includes information that is in opposition to, as well as in support of, the positions and claims of Plaintiff in this action.

19. The term "social networking site" means any website, blog, chatroom, or online discussion board that you used from February 6, 2017, through the present, for the purpose of discussing the Proposed Event, the 2017 Event, and any of the matters alleged in your Complaint, including but not limited to Facebook, MySpace, LinkedIn, Twitter, Gab.ai and any other social networking program accessed through any method, including smartphone applications, e.g., Snapchat and Instagram.

20. The singular of any word used herein shall be deemed to include the plural of such word and the plural shall include the singular.

## II. INSTRUCTIONS

A. In answer to interrogatories and document requests, you are required to furnish all information and documents available to you, including but not limited to information and documents in the possession of your attorneys, agents, investigators, representatives, consulting or testifying experts, physicians, or anyone acting in cooperation or in concert with you or the case to be presented by you.

Case 3:18-cv-00015-NKM-JCH Document 25-2 Filed 06/29/18 Page 6 of 16 Pageid#: 421

B.  If you cannot answer any of the following interrogatories and document requests in full after exercising due diligence to secure the documents and information to do so, you shall so state and answer to the extent possible, specify your inability to answer the remainder, and state whatever information or knowledge you have concerning the unanswered portion.

C.  Each interrogatory and document request is intended to and does request that each and every part be answered by the same force as if such part were the subject of and were asked by a separate request.

D.  Each interrogatory and document request calls not only for your knowledge but also for all knowledge that is available to you by reasonable inquiry, including inquiry of your representatives, attorneys, agents, investigators, physicians, consulting or testifying experts, and any other person or persons acting on your behalf.

E.  Should you assert a privilege with respect to any information or document responsive to an interrogatory or document request, you shall provide the following details as to each such document and piece of information:

1.  the type of information or document (e.g., letter, notebook, telephone conversation, mobile device message, Internet post, etc.);

2.  the date of the information or document;

3.  a description of the substance of the information or document;

4.  the present whereabouts of the information or document and/or the names of all persons with personal knowledge with respect to the information or document;

5.  a statement of the grounds on which the claim of privilege rests with respect to each such document or piece of information withheld; and

6.  the identity and position of all persons to whom the information or document has been disclosed.

6

F. All documents produced shall be segregated and identified according to the request to which they are primarily responsive.

G. All documents produced in response to these requests shall be produced in full, notwithstanding the fact that portions thereof may contain information not requested, shall include interim as well as final versions of the document, and shall include all versions or copies of the document that are not identical to (whether because of handwritten notations, revisions, or otherwise) the original or other produced copy of the document.

H. If any responsive document has been lost, destroyed, or is otherwise no longer in your possession, custody or control, please identify the document, including its author(s) and addressee(s) or recipient(s); provide a brief description of the substance and/or content of such document; state the date of, and identify the person responsible for, its destruction, loss or other action by which the document left your possession, custody or control; the reason the document is no longer in your possession, custody or control; and the date on which the document ceased to be in your possession, custody or control.

### III. INTERROGATORIES

1. Describe in detail any and all actions you have taken since the 2017 Event to plan, organize, and invite attendees to the Proposed Event; and identify any person, organization, and/or other entity you have communicated with about or invited to the Proposed Event, including, but not limited to: Brian Lambert; Canan Maclmay; Cole Harris; Patrick Palmer (also known as "Hagan Frisbadli"); Charles Myers; Kyle Rogers; Marcus Boechat; Brion Keith Baker; Matthew Heimbach; Michael "Enoch" Peinovich; Kyle Sean Chapman; Andrew Anglin; Matthew Parrott; Jeff Schoep; Unity and Security for America and its members individually; the

7

Fraternal Order of Alt-Knights (also known as the "Proud Boys") and its members individually; the Rebel Brigade of Knights and its members individually; the Confederate Knights of the Klan and its members individually; Patriot Front and its members individually; Nationalist Front and its members individually; National Socialist Movement and its members individually; League of the South and its members individually; Vanguard America and its members individually; Identity Evropa and its members individually; and the Lightfoot Militia and its members individually.

2. Describe in detail the activities, including but not limited to speeches by confirmed attendees, planned to take place during the Proposed Event, including the date, time, and location of each activity.

3. Identify any person, organization, and/or other entity that has provided financial support, or that you have asked to provide financial support, for the Proposed Event, and state the amount each has provided or agreed to provide.

4. Identify any person, organization, and/or other entity that has confirmed that they will attend the Proposed Event.

5. Identify any person, organization, and/or other entity that has stated that they might attend the Proposed Event.

6. Identify each social networking site on which you have posted, viewed, or received any content regarding the 2017 Event or the Proposed Event, or any of the subject matter of the Complaint.

7. Describe in detail any instructions you have disseminated to any person, organization, or other entity concerning the Proposed Event, including but not limited to what

8

items to bring, whether attendees should carry firearms, either "open carry" or concealed, and how to interact with non-attendees.

8. Describe in detail all facts supporting, underlying, or otherwise demonstrating that as of the time of your application for a permit for the Proposed Event 400 persons would attend it.

9. Identify each communication you have had with a current or former employee of the City, orally or in writing, regarding the Proposed Event.

10. Identify each person, or group or organization, who attended the 2017 Event per your formal or informal invitation, or through an informal or formal invitation of another person, organization, and/or other entity affiliated or working with you.

11. Identify each communication, whether oral or in writing, that you had with any member of law enforcement in any State or Commonwealth at any time before or during the 2017 Event, beginning on February 6, 2017.

12. Identify each communication, whether oral or in writing, that you had with any member of law enforcement in any State or Commonwealth at any time after the 2017 Event up to the present, including the substance of the communication and the date on which, and place where, such communication occurred.

13. Describe the insurance coverage you obtained for the 2017 Event and state whether any claims were made under the insurance.

14. Identify each electronic device that you used or maintained for communication purposes from February 6, 2017, through the present (including but not limited to computers, mobile devices, and landline telephones), and for each device, identify the service provider,

9

telephone number, computer number, and the ownership and present location of the device, as well as the approximate time period you used the device.

15. Identify all groups, including but not limited to Unity and Security for America, of which you are a member and all the individuals who are members of those groups.

## IV. **DOCUMENT REQUESTS**

1. All documents you have sent or received regarding the Proposed Event, including any documents containing communications regarding confirmed or potential attendance or activities at the Proposed Event.

2. All documents containing draft or complete agendas, or lists of proposed speakers or activities, for the Proposed Event.

3. All documents that evidence, refer to, or reflect the number of persons expected to attend the Proposed Event.

4. All documents that evidence, refer to, or reflect any communication with each current or former employee of City with whom you have communicated, orally or in writing, regarding your application for a permit for the Proposed Event,

5. All documents that evidence, refer to, or reflect any instructions you or others have disseminated to any person, organization, and/or other entities concerning the Proposed Event.

6. All documents that evidence, refer to, or reflect any financial support provided by and any person, organization, and/or other entity, or that evidence, refer to, or reflect any communications with any person, organization, and/or other entity that you have asked to provide financial support, for the Proposed Event.

10

7. All documents that contain, evidence, refer to, or reflect any content that supports any of the claims made in the Complaint, including diary, journal, log, calendar, reminder book, notes, summaries, or other similar documents.

8. All documents that evidence, refer to, or reflect statements made, taken by, or in the possession of, you or anyone acting on your behalf pertaining to the subject matter of the Complaint.

9. All documents that evidence, refer to, or reflect communications between you and City pertaining to the Proposed Event or subject matter of the Complaint.

10. All documents that evidence, refer to, or reflect communications between you and any other person pertaining to the Proposed Event or subject matter of the Complaint.

11. Every document identified, described, or referred to in the Complaint.

12. All email, text, voicemail, audiovisual recording, and/or social networking site messages or postings, including but not limited to those on Facebook, MySpace, LinkedIn, Twitter, Gab.ai, and any other social networking site accessed through any method, including mobile device applications, e.g., Snapchat or Instagram, that evidence, refer to, or reflect communications between you and any current or former employee of City sent or posted at any time between February 6, 2017, and the present concerning the subject matter of the Complaint. Please identify the recipient, sender, and/or creator of each message.

13. All email, text, voicemail, audiovisual recording, and/or social networking site messages or postings you made or received, including but not limited to those on Facebook, MySpace, LinkedIn, Twitter, Gab.ai and any other social networking site accessed through any method, including mobile device applications, e.g., Snapchat and Instagram, pertaining to the

11

subject matter of the Complaint. Please identify the recipient, sender, and/or creator of each message.

14. All documents that evidence, refer to, or reflect communications between you and the following persons and organizations since February 6, 2017 to the present: Gavin McInnes; Kyle Chapman (also known as "Base Stickman"); Tim Treadstone (also known as "Baked Alaska"); Augustus Invictus; James Alex Fields, Jr.; Andrew Anglin; Brian Lambert; Canan Maclmay; Cole Harris; Patrick Palmer (also known as "Hagan Frisbadli"); Charles Myers; Kyler Rogers; Jeff Schoep; Matthew Heimbach; Matthew Parrott (also known as "David Matthew Parrott"); Dillon Irizarry; Derek Davis; Deriia Battaglia; Cesar Adolfo Hess; Michael Hill; Michael Tubbs; Hunter Wallace (also known as "Brad Griffin"); Everett "Nick" Case; Joyce Bennett; Shane Long; Dustin Owens; Andrea Owens; JJ Power; Bill Snuffer; Richard Preston; Jack Pierce; Richard Spencer; Michael "Enoch" Peinovich; Pax Dickinson; Christopher Cantwell; Robert "Azzmador" Ray; Nathan Damigo; Elliot Kline (also known as "Eli Mosley"); the Fraternal Order of Alt Knights (also known as "Proud Boys") and its members individually; Identity Evropa and its members individually; Vanguard American and its members individually; Traditionalist Workers Party and its members individually; League of the South and its members individually; Virginia League of the South and its members individually; Tennessee League of the South and its members individually; The Real 3% Rising (also known as "3% Risen") and its members individually; Oath Keepers and its members individually; Right Stuff and its members individually; Shield Wall and its members individually; Patriot Front and its members individually; Alt-Kings and its members individually; the Loyal White Knights of the Ku Klux Klan and its members individually; the East Coast Knights of the Ku Klux Klan (also known as the "East Coast Knights of the true Invisible Empire") and all of its members individually;

National Socialist Movement and its members individually; Nationalist Front and its members individually; and Moonbase Holdings, LLC.

15. A complete set of mobile device telephone records and/or landline telephone records dating from February 6, 2017, through the present, for accounts in your name or to which you had access, including records showing the date, time, and number associated with each outgoing or incoming call or text message pertaining to the subject matter of this Complaint.

16. All documents that evidence, refer to, or reflect communications between you and any member of law enforcement in any State or Commonwealth at any time after the 2017 Event up to the present.

17. Any and all photographs and/or videos in your possession, custody, or control taken on May 13, 2017, May 14, 2017, August 11, 2017, or August 12, 2017, including but not limited to photographs and/or videos taken with a camera, a mobile device, any photographs and/or videos posted on social networking sites or smartphone applications, including but not limited to Facebook, MySpace, LinkedIn, Twitter, Snapchat, and Instagram, and any photographs and/or videos sent or received via mobile device, computer, or hardcopy. For each photograph and/or video produced, please identify the digital timestamp, image number, and date on which the photograph and/or video was taken.

18. All documents you have produced in any civil or criminal case arising out of First Amendment demonstrations or other events in which you participated on May 13, 2017, May 14, 2017, August 11, 2017, or August 12, 2017, including, but not limited to, *Sines v. Kessler, et al.*, No. 3:17-cv-00072 (W.D. Va. Feb. 20, 2018).

19. All pleadings from any civil or criminal case arising out of First Amendment demonstrations or other events or activities in which you participated on May 13, 2017, May 14,

2017, August 11, 2017 or August 12, 2017, including, but not limited to, *Sines v. Kessler, et al.*, No. 3:18-mc-80080 (N.D. Ca. May 16, 2018); *Sines v. Kessler, et al.*, No. 3:17-cv-00072 (W.D. Va. Oct. 11, 2017); and *City of Charlottesville, et al., v. Pennsylvania Light Foot Militia, et al.*, No. 3:17cv00078 (W.D. Va. Oct. 27, 2017).

20. All documents that are received, reviewed, and/or relied upon by any expert whom you may call as a witness at the trial of this case.

21. Any and all documents identified and/or relied upon by you in your answers to the foregoing interrogatories, separated and labeled with the applicable interrogatory number.

22. Any other documents that relate in any way to your claims in this case or your claims for relief and which you have not produced in response to any of the foregoing requests.

Lisa A. Robertson
Chief Deputy and Acting City Attorney (VSB No. 32486)
Sebastian Waisman (VSB No. 91665)
Office of the City Attorney
P.O. Box 911
Charlottesville, VA 22902
(434) 970-3131 (phone)
(434) 970-3022 (fax)
robertsonl@charlottesville.org

/s/Linda Odom_____
Linda Odom (VSB No. 77149)
John Longstreth (admitted pro hac vice)
Daniel S. Cohen (VSB No. 92163)
K&L Gates LLP
1601 K St. NW
Washington, D.C. 20006
(202) 778 -9000 (phone)
(202) 778 -9100 (fax)
linda.odom@klgates.com
john.longstreth@klgates.com
dan.cohen@klgates.com

**Counsel for Defendants**

**June 4, 2018**

14

## Certificate of Service

  I hereby certify that on June 4, 2018, that I served a copy of the foregoing First Set of Interrogatories and First Set of Document Requests upon the following via e-mail and a courtesy copy via overnight mail:

Elmer Woodard
VSB 27734
5661 US HWY 29
Blairs, Virginia 24527
(434)-878-3422
isuecrooks@comcast.net

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd., Suite 14
Cincinnati, Ohio 45249
(513)-297-6065
Jek318@gmail.com

             /s/Linda Odom_____
             Linda Odom (VSB No. 77149)
             K&L Gates LLP
             1601 K St. NW
             Washington, D.C. 20006
             (202) 778 -9000 (phone)
             (202) 778 -9100 (fax)
             linda.odom@klgates.com