# EXHIBIT D



K&L GATES LLP
1601 K STREET, N.W.
WASHINGTON, DC 20006-1600
T 202.778.9000  F 202.778.9100

John Longstreth
(202) 661-6271
John.longstreth@klgates.com

June 22, 2018

**Via e-mail**

Elmer Woodard 5661 US HWY 29
Blairs, Virginia 24527

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd., Suite 14
Cincinnati, Ohio 45249

Re:  *Deficiencies in Plaintiff's Responses to Defendants' First Set of Interrogatories and First Set of Document Requests*

Dear Elmer and Jim:

    I write to address a number of deficiencies in your responses to Defendants' First Set of Interrogatories ("Interrogatories") and First Set of Document Requests ("Requests") in the hope we can resolve them with to the need for a motion to compel

    Plaintiff's responses to Interrogatories 3, 4, 5, 9, 10, 11, 12, and 15, contained objections, however, pursuant to the discovery protocol agreed to at the Rule 26(f) Conference, objections were due five (5) days after service. Accordingly, Plaintiff's objections are untimely and the objections are waived.

    Plaintiff's responses to the Requests for Production also are deficient. It does not appear that Plaintiff made a good faith effort to search for the documents responsive to the Requests. Plaintiff's production contained a significant number of irrelevant documents, while other responsive documents were not produced.

    The deficiencies for the Interrogatories and the Requests are listed individually below.

**Interrogatories**

Interrogatory 1: Interrogatory 1 seeks detailed information regarding planning for the Proposed Event. Plaintiff failed to identify all of the individuals with whom he has communicated about the Proposed Event. For example, Plaintiff's response failed to identify several individuals of whom Defendants have knowledge from other sources that Plaintiff has communicated with regarding the Proposed Event.

Interrogatory 2: Interrogatory 2 seeks a detailed list of the activities expected to take place during the Planned Event. Plaintiff's answer is incomplete. Plaintiff's permit application requested the use of Emancipation Park for a total of 32 hours over August 11 and 12. Plaintiff failed to describe the activities expected to take place on August 11th. Plaintiff does not state what activities are planned for the evening

of August 12th, despite the permit requesting to use Emancipation Park into the evening. Plaintiff's response fails to account for almost 30 hours of the requested time in his permit application.

Interrogatory 3: Plaintiff's objections are untimely and therefore waived. They are not properly supported in any event. Plaintiff should supplement his response to identify any additional persons or entities from whom he has sought, or that have offered to provide, financial support for the event.

Interrogatory 4: Plaintiff's objections are untimely and therefore waived. They are not properly supported in any event. If Plaintiff believes there is a legal basis for his refusal to answer the question, he should provide the relevant authority. The City believes its request is fully appropriate under the circumstances of this case.

Interrogatory 5: Plaintiff's objections are untimely and therefore waived. They are not properly supported in any event. If Plaintiff believes there is a legal basis for his refusal to answer the question, he should provide the relevant authority. Further, Plaintiff's answer fails to identify any of the individuals with whom Plaintiff has communicated via social media networks about the Proposed Event, including individuals who have indicated their interest in attending the Proposed Event.

Interrogatory 6: Plaintiff failed to provide the account names Plaintiff uses for the listed social networking sites, despite being asked to "identify each social networking site on which [Plaintiff] ha[s] posted…" The word "identify" was defined in the First Set of Interrogatories to include "all known…social networking site account names."

Interrogatory 7: Plaintiff's answer is incomplete as he only produced a link to the seemingly official rules for the Proposed Event, while alluding to instructions regarding concealed carry of firearms and the ability to carry tools to block projectiles. The instructions required Plaintiff to "set out every aspect" of the instructions he has given for the Planned Event. Plaintiff's response should be supplemented to identify all of his actual instructions.

Interrogatory 8: Plaintiff was asked to describe in detail all of the facts supporting his belief that "as of the time of your application" 400 people would attend the Proposed Event. Plaintiff has not identified a factual basis for his belief, nor stated the sources of information he drew his conclusions from, nor the individuals, organizations, or entities with which he discussed the Proposed Event and their responses to his Proposed Event.

Interrogatory 9: Plaintiff's objection is untimely and therefore waived. It is not properly supported in any event. Plaintiff's answer failed to identify each communication he had with current or former City employees, regarding the Proposed Event, or when or where the communications occurred.

Interrogatory 10: Plaintiff's objection is untimely and therefore waived. It is not properly supported in any event. Plaintiff's answer is incomplete as he has not included the names of all individuals with whom he has discussed the logistics of the Proposed Event. Plaintiff's response should be supplemented.

Interrogatory 11: Plaintiff's objection is untimely and therefore waived. It is not properly supported in any event. Plaintiff's answer is incomplete in that he failed to identify when or where he communicated with the listed individuals. Plaintiff does not appear to have made a good faith effort to identify these communications and their substance.

2

Interrogatory 12: Plaintiff's objection is untimely and therefore waived. It is not properly supported in any event. Plaintiff's answer is incomplete in that he failed to identify when or where he communicated with the listed individuals. Plaintiff does not appear to have made a good faith effort to identify these communications and their substance.

Interrogatory 15: Plaintiff's objection is untimely and therefore waived. It is not properly supported in any event. If Plaintiff believes there is a legal basis for his refusal to answer the question, he should provide the relevant authority. Further, Plaintiff's answer is incomplete as he has failed to identify the names of the individuals he knows are leaders or members of the listed organizations.

**Document Requests**

**As a general matter it does not appear Plaintiff f has made any search of emails or texts and has made only a very incomplete search of other source of documents. Specific deficiencies follow.**

Document Request 1: Plaintiff has not produced to Defendants all documents regarding the Proposed Event. For example, Plaintiff has written messages on social networking sites such as Gab.ai about the Proposed Event that were not produced. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 2: Plaintiff has not produced draft or complete agendas for the Proposed Event. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 3: Plaintiff has not provided documents which indicate the number of people expected to attend the Proposed Event. Plaintiff responded to Interrogatory No. 7 by stating that he now "expects no more than 300 supporters to attend the rally." Plaintiff has not produced documents that evidence, refer, or reflect the number of persons expected to attend the Proposed Event. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 4: Plaintiff has not produced any communications between him and any current or former City employee with whom he communicated regarding the Proposed Event. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 5: In his response to Interrogatory No. 7, Plaintiff stated that he has "mentioned that people have a right to concealed carry although he prefers for general attendees not to" and that he has disseminated instructions regarding the ability of Plaintiff and attendees to work with law enforcement regarding what objects they can possess to repel projectiles from counter-protestors. Yet, Plaintiff failed to produce any documents that reflect these instructions, nor has Plaintiff stated that the documents responsive to this Request were lost, destroyed and described the circumstances of their destruction.

Document Request 6: Plaintiff has not provided any documents that evidence, refer to, or reflect any financial support provided to him for the Proposed Event, or communications in which he asked for such support despite stating in response to Interrogatory No. 3 that Plaintiff has solicited donations and has spent approximately $1,500 to promote and organize the Proposed Event. In addition, Plaintiff has not

3

stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 8: Plaintiff failed to provide all documents that evidence, refer to, or reflect statements made, taken by, or in the possession of, himself or anyone acting on his behalf pertaining to the subject matter of the Complaint because, for example, he has not provided all of his communications on social networking sites such as, but not limited to Gab.ai. Plaintiff produced selected communications about the Proposed Event from his Facebook account. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 9: Plaintiff has not produced documents that evidence, refer to, or reflect communications between himself and the City pertaining to the Proposed Event or subject matter of the Complaint, including emails between him and City employees. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 10: Plaintiff has not provided all documents that evidence, refer to, or reflect communications between himself and any other person pertaining to the Proposed Event or subject matter of the Complaint. For example, Plaintiff failed to produce various communications between himself and other individuals, such as Marcus Boechat, on social media sites such as Gab.ai about the Proposed Event. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 12: Plaintiff failed to produce all email, text, voicemail, audiovisual recording, and/or social networking site messages or postings that refer to, or reflect communications between himself and any current or former employee of City sent or posted at any time between February 6, 2017, and the present concerning the subject matter of the Complaint. For example, Plaintiff failed to produce e-mails between him and Michelle Christian, Miriam Dickler, or Lisa Robertson regarding the subject matter of the Complaint. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 13: Plaintiff failed to produce all email, text, voicemail, audiovisual recording, and/or social networking site messages or postings he has made or received pertaining to the subject matter of the Complaint because, for example, he has not produced communications between himself and others, such as Marcus Boechat, on Gab.ai regarding the Proposed Event. Moreover, Plaintiff failed to produce videos he created or podcasts on which he appeared in which he discussed the subject matter of the Complaint. In addition, Plaintiff has not stated that responsive documents were lost or destroyed and described the circumstances of their destruction.

Document Request 14: Plaintiff has not produced any documents responsive to this Request, nor has he stated that the documents responsive to this Request were lost or destroyed and described the circumstances of their destruction.

Document Request 15: Plaintiff failed to produce a significant number of records responsive to this Request. Plaintiff only produced a call log of phone calls he received on August 11, 2017. This is a significant deficiency, and it is well established that an individual's phone records are within his possession, custody, or control.

Document Request 16: Plaintiff failed to produce all documents that are responsive to this Request. For example, Plaintiff states in response to Interrogatory No. 12 that he spoke with Victor Mitchell regarding coordination with law enforcement as to the Proposed Event, but he has not included documents that evidence, refer to or reflect these communications. In addition, Plaintiff has not stated that documents responsive to this Request were lost or destroyed and described the circumstances of their destruction.

Document Request 17: Plaintiff failed to identify the digital timestamp, image number, and date on which the photographs or videos were taken.

Document Request 21: Plaintiff did not state that he did not rely on or identify any documents in response to the Interrogatories, nor has Plaintiff produced any such documents.

Defendants are prepared to confer regarding any and all of the foregoing items, and request that Plaintiff provides times for a telephonic meet and confer to occur by close of business (6 pm EST) Monday, June 25th. If Plaintiff fails to cure the deficiencies in his production, Defendants will have to seek the Court's assistance to ensure Plaintiff's compliance with his discovery obligations.

Sincerely,

John L. Longstreth