# EXHIBIT F

| From: | Longstreth, John |
|---|---|
| To: | Eldridge, Amy J.; Cohen, Dan S. |
| Cc: | Odom, Linda C. |
| Subject: | FW: Plaintiff's Additions and Deletions of Documents from the Dropbox; follow-ups on deficiencies and confidentiality order |
| Date: | Tuesday, June 26, 2018 2:19:34 PM |
| Attachments: | KesslerFBmessenger_Redactedplus.pdf |

FYI. Can one of you get back to him to ask what was redacted and on what basis?

**From:** James Kolenich [mailto:jek318@gmail.com]
**Sent:** Tuesday, June 26, 2018 2:10 PM
**To:** Longstreth, John
**Subject:** Re: Plaintiff's Additions and Deletions of Documents from the Dropbox; follow-ups on deficiencies and confidentiality order

John: The deletion was Kessler's Facebook Messenger logs regarding UTR2. It required some redaction. The redacted version is attached. Please delete from your files and do not make use of the erroneously uploaded, unredacted version if you have not already done so.

We also neglected to include Signal Messenger service as a means of UTR related communication in Kessler's discovery response. This is a snapchat like service and no records are available. He'll be prepared to answer questions on that tomorrow. He will cooperate in trying to get records from Signal, subject to anonymity rights of the participants, if you want to subpoena them.

As a cost saving measure I will defend tomorrow's depo by phone. I've done this before many times including with Kessler.

Thanks,

Jim

On Mon, Jun 25, 2018 at 5:18 PM, Longstreth, John <john.longstreth@klgates.com> wrote:
Dear Jim and Elmer:

Due to a notification from Dropbox, we have become aware that your client has been adding and deleting files in the Dropbox account since June 22nd. Please advise your client that these actions are not appropriate. Moving forward, the transmission of documents responsive to our discovery requests needs to come from you, not your client, and we need to be given notice from you when materials are added (and what documents). And of course we cannot see any basis for deleting any files unless there is a claim of privilege and an accidental production, which again requires notice to us. Please promptly restore any items that were deleted by your client since Thursday afternoon when the discovery was first made available to us via the Dropbox.

We are also still waiting for any comments on the proposed confidentiality order, and for your response to our communication of Friday afternoon detailing the deficiencies in Plaintiff's discovery responses. We would appreciate hearing from you on those.

If you have any questions please contact me.

Regards,

John



**K&L GATES**

**John Longstreth**
K&L Gates LLP
1601 K Street NW
Washington, DC 20006
Phone: 202.661.6271
Fax: 202.778.9100
john.longstreth@klgates.com
www.klgates.com

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at john.longstreth@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only. If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please reply to me with this message.

--

James E. Kolenich
Kolenich Law Office
9435 Waterstone Blvd. #140
Cincinnati, OH 45249
513-444-2150
513-297-6065(fax)
513-324-0905 (cell)