UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | | |
|---|---|---|
| JASON KESSLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18cv00015-NKM-JCH |
| | ) | |
| CITY OF CHARLOTTESVILLE | ) | [PROPOSED] |
| MAURICE JONES | ) | PROTECTIVE ORDER |
| Charlottesville City Manager | ) | |
| In his individual and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

_____

WHEREAS, Rule 26(c) of the Federal Rules of Civil Procedure provides for the issuance

of protective orders limiting the disclosure of discovered information in appropriate

circumstances, and good cause having been shown, IT IS ORDERED THAT:

1.      This Protective Order governs the treatment of all documents, electronically stored

information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests

for admission and any other discovery authorized by the Federal Rules of Civil Procedure, as well

as any other disclosed information (collectively, "Discovery Material") produced by any party or

non-party (each a "Producing Party") in the above- captioned matter (collectively with any

appeals, the "Action").

## I.    Materials that May Be Designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

2.      Any Producing Party may designate as "CONFIDENTIAL" any Discovery

Material that it believes in good faith contains legally protectable or otherwise personal, or

financial information that is confidential, or other information, the disclosure of which would, in

the good-faith judgment of the Producing Party, be detrimental to the conduct of its business, the

2

business of any of its customers or clients or its economic interests, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. All Discovery Material so designated shall be handled in accordance with the terms of this Protective Order.

3.  Any Producing Party may designate as "ATTORNEYS' EYES ONLY" any Discovery Material that it believes in good faith contains information, the review of which should be limited to counsel, the disclosure of which may be detrimental to public safety generally, or the safety of any specific individuals.

4.  "Confidential Discovery Material," as defined below, shall not include any information that: (a) is or becomes generally available to the public other than as a result of a breach of this Protective Order or a breach of any other contractual, fiduciary, statutory, common law or other legal obligation of any person, including an obligation of non-disclosure; or (b) was lawfully obtained by the party to whom Confidential Discovery Material is produced ("Receiving Party") on a non-confidential basis and without any limitation on its use or disclosure, both independently of this Action and by a means unconnected with any breach of a contractual, fiduciary, statutory, common law or other obligation of any person, including an obligation of non-disclosure.

5.  "Confidential Discovery Material" means material designated "CONFIDENTIAL" or ATTORNEYS' EYES ONLY."

## II.  Designation of Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

6.  Confidential Discovery Material shall be designated as such by the Producing Party in one or more of the following ways:

(a)  Furnishing a separate written notice to counsel for the party receiving such documents, material or information at the time of their production, or as soon thereafter as

302012700 v5

practicable, specifically identifying the documents or materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," and promptly thereafter providing copies (bearing the same Bates numbers as the original copies) of any such documents bearing such designation.

(b)    Information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the answer or response.

(c)    Information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" or ATTORNEYS' EYES ONLY" on the document or any copy of it delivered to the opposing party or its counsel.

(d)    Information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition or sending written notice within 30 days of receiving the final version of the transcript of the deposition or testimony (within 3 days during the preliminary injunction phase of the case) that specific information or testimony constitutes Confidential Discovery Material.  The court reporter shall include on the cover page of each volume of each deposition a clear indication that the deposition contains Confidential Discovery Material.   Any document that is marked as an exhibit in any deposition shall be treated according to the designation of that document prior to the deposition. Any such designation shall subject the Confidential Discovery Material to this Protective Order without any further act on the part of the Producing Party. For deposition testimony or other testimony, prior to the expiration of the 30-day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all testimony shall be treated as Confidential Discovery Material.

(e)    In the case of electronically stored information ("ESI") produced in native

302012700 v5

format, the Producing Party shall include any confidentiality designation in the file or directory name or in a metadata field of a database load file. The Producing Party shall also affix the confidentiality legend to the media containing the Confidential Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

7.      The inadvertent failure to mark a document or testimony, or a portion thereof, with the confidentiality designation in no way alters or waives the protected and confidential nature of the document otherwise deserving of such a designation and does not remove it from the scope of this Protective Order, provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the Confidential Discovery Material was not properly designated. Such written notice shall identify with specificity the information or documents the Producing Party is then designating to be Confidential Discovery Material and shall promptly provide a replacement copy of such material with the appropriate confidentiality designation thereupon. Such Confidential Discovery Material shall be subject to this Protective Order as if it had been initially so designated. Treatment of inadvertently produced Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production is not a breach of this Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Confidential Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Confidential Discovery Material.

8.      Each document, testimony, material or other thing, or portion thereof, designated as Confidential Discovery Material shall retain that designation and shall remain subject to the terms of this Protective Order until such time as the Producing Party agrees to the contrary or the Court

302012700 v5

renders a decision that a particular document, testimony, material or other thing, or portion thereof, is not "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as defined under this Protective Order and/or any applicable law and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

## III.    Inadvertent Disclosures

9.    Pursuant to Rule 502(d) of the Federal Rules of Evidence, the disclosure of any Discovery Material in this Action shall be without prejudice to any claim by a Producing Party that such material is subject to the attorney-client privilege, the work product doctrine and any other applicable privilege for withholding production. Any applicable privileges or protections shall only be waived on express written approval by the person or entity holding the privilege. The non-waiver of such privileges or protections shall apply to this Action, as well as to any other federal or state proceeding. The inadvertent production of any document subject to a privilege, including the work product doctrine (collectively referred to hereinafter as "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection, subject to the following provisions:

(a)    If a Producing Party provides ESI that contains privileged information or attorney work product, the Receiving Party shall immediately return the ESI to the Producing Party if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within 30 days of such production.

(b)    If a Producing Party informs the Receiving Party in writing that the Producing Party has disclosed an Inadvertently Produced Privileged Document, Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) shall apply. If the Producing Party requests the return, pursuant to this paragraph, of such an Inadvertently Produced Privileged

6

Document then in custody of one or more parties, the possessing parties shall, within five business days, destroy or return to the Producing Party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material any information solely derived from the Inadvertently Produced Privileged Document. However, the Receiving Party may retain one copy of such Inadvertently Produced Privileged Document for the sole purpose of challenging the assertion of privilege by the Producing Party, in which case the Receiving Party shall notify the Producing Party in writing of its intention to retain a copy for such purpose within ten days of the receipt of the notice demanding return of such Inadvertently Produced Privileged Document. The parties shall meet and confer concerning the Receiving Party's objection within a reasonable time after the Producing Party receives written notice of such objection.

(c)     After it reasonably appears that good-faith efforts to resolve the dispute through the meet-and-confer process have failed, either party may move for an order on the status of the Discovery Material. Parties must provide notice to the opposing party and move for an order no later than 21 days after providing such notice. Nothing in this Protective Order shall alter or waive the standards and burden applicable to any motion concerning the privilege or protection asserted or any waiver thereof. During the pendency of such a motion, each Receiving Party may retain the Discovery Material and all copies thereof but shall make no further use of it other than is necessary in connection with the proceedings on the motion. Any copy of such Discovery Material submitted to the Court in connection with the motion shall be filed under seal, redacted or submitted for *in camera* review in accordance with the terms of this Protective Order.

(d)     If the Producing Party takes no action within 21 days of the notification of disclosed privileged or otherwise protected Discovery Material, the Producing Party shall be

deemed to have waived any claim of privilege or other protection.

(e)     Upon a determination by the Court that the Discovery Material is privileged, protected work product or otherwise protected from disclosure, the Receiving Party shall promptly return the original and all copies of such Discovery Material to the Producing Party or certify in writing to the Producing Party that it has destroyed all records and copies of such Discovery Material.

(f)     No party may assert as a ground for challenging privilege the mere fact of the inadvertent production in this Action. Nothing in this Protective Order shall preclude a party from arguing based on the underlying facts and circumstances that the production of the allegedly Inadvertently Privileged Produced Document was not inadvertent or that conduct since production of the allegedly Inadvertently Produced Privileged Document constitutes a waiver.

(g)     If the recall of a document involves redaction of the inadvertently Produced Privileged Document, the redacted version of the document shall be provided within ten business days, together with a privilege log that includes the identification of: (i) all recipients of the document as reflected on the document and in that document's metadata, if applicable; and (ii) the files or sources from which the document was collected.

(h)     If the recall of a document is made during the taking of a deposition or shortly before the occurrence of a deposition, the Producing Party's counsel, the examining counsel and the defending counsel shall meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances, consistent with this protocol. In the event the claim of privilege is withdrawn or the Court determines the document to be not subject to a valid claim of privilege, if counsel for the parties and other defending counsel do not agree otherwise, the Court shall determine an appropriate remedy, including whether and to what

8

extent a reopening of the deposition may be necessary. Nothing in this shall prohibit the ability of examining counsel to *voir dire* a deponent concerning the document's type, general subject matter, date, author and recipients.

(i)     If a party's expert report or expert testimony relies on a document that another party identifies as an Inadvertently Produced Privileged Document after service of the expert's report or rendition of the expert's testimony, then the party sponsoring the expert report or expert testimony will, subject to the procedures in this Protective Order, and, if necessary, remove any reference to the Inadvertently Produced Privileged Document from the expert's report or expert's testimony and be allowed to substitute other documents or information for the Inadvertently Produced Privileged Document. Neither the expert's report nor the expert's testimony can be stricken in whole on the ground that the expert's report or expert's testimony had previously relied on an Inadvertently Produced Privileged Document. In the event that an expert's report or expert's testimony has relied on an Inadvertently Produced Privileged Document, the parties agree to meet and confer on a schedule sufficient to permit the party propounding an implicated expert report (whether an initial, response or rebuttal report) to modify or supplement such expert report, including by propounding additional discovery, within a reasonable period of time.

10.     Absent agreement of the parties, any log prepared by a Producing Party of those documents that it has withheld or redacted on grounds of attorney-client privilege, the work product doctrine or some other applicable privilege, immunity or protection shall be done in accordance with the Federal Rules of Civil Procedure or other applicable authority. Without waiving any rights otherwise available to them, the parties agree with respect to any such logs that the Producing Party shall have no obligation to log documents or information generated after the

302012700 v5

time this Action was commenced.

## III.   Challenges to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" Designations

11.     If a party objects to another party's designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," it shall advise the Producing Party in writing of the reasons for the objection, and the parties shall meet and confer in a good-faith effort to resolve the objection. All items objected to shall continue to be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" pending resolution of the parties' dispute. If the parties are unable to reach an agreement as to the disputed designation, the objecting party may invoke the Court's rules and procedures for raising discovery disputes. The Producing Party bears the burden of persuading the Court that the information is in fact "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the definitions set forth above. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this Paragraph.

12.     Entering into, agreeing to and/or complying with the terms of this Protective Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect trade secrets or any other type of confidential, proprietary or commercially sensitive information; or (b) prejudice in any way the right of a party at any time to: (i) seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Protective Order; (ii) seek relief on appropriate notice from any provision(s) of this Protective Order, either generally or as to any particular document, item of material or piece of information; (iii) object to any discovery request, including the right to assert that no discovery should be had of or relating to certain documents or information; (iv) seek a higher level of protection than provided for by this Protective Order if the party believes that circumstances warrant that higher level of protection; (v) seek documents or

10

other information from any source; or (vi) seek more flexible procedures at trial for the introduction and use of evidence or information designated pursuant to this Protective Order. In any instance where a Producing Party asserts a higher level of protection to Discovery Material after its initial production, the higher protection level shall apply to the materials as of the time of their redesignation. Persons who obtain access to such materials prior to their redesignation shall, from the time of notice to them of the materials' redesignation, restrict their review or use of those materials in accordance with the higher protection level.

## IV.   Permissible Uses of Discovery Material

13.     The Receiving Party shall treat such Confidential Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Confidential Discovery Material shall be used solely for the purpose of this Action and not in any other litigation or for any business or other purpose whatsoever. Nothing in this Protective Order shall be interpreted to prohibit or prevent the Producing Party from using or discussing its own Confidential Discovery Material in any way it sees fit or to so use or discuss that material for any reason. Any such use or discussion of Confidential Discovery Material shall not be deemed a waiver of the terms of this Protective Order.

14.     Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this Action, whether or not such documents, material or information are also obtained through discovery proceedings in this Action.

15.     Material designed as "CONFIDENTIAL"  may be disclosed or made available without written consent from the Producing Party *only* to the following persons:

(a)     The parties to this Action;

302012700 v5

(b)     Counsel for the respective parties to this Action who have executed the Undertaking, as defined below, solely to the extent reasonably necessary for the prosecution or defense of this Action, as well as paraprofessionals, employees and agents of such counsel;

(c)     Experts or consultants and associated personnel retained to assist counsel for the parties, ***provided that*** the party disclosing Confidential Discovery Material: (i) advise any such experts or consultants that the information is "CONFIDENTIAL" and may only be used in connection with this Action; (ii) provide the recipient with a copy of this Protective Order; and (iii) have that person execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A (the "Undertaking") prior to any disclosure to such expert(s) or consultant(s), and that a copy of such signed Undertaking is retained by counsel for the party making disclosure to such expert(s) or consultant(s), and further provided that any report created by such expert or consultant relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(d)     Current employees, officers and directors of each party solely to the extent reasonably necessary for the prosecution or defense of this Action;

(e)     Any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial, if advised by counsel disclosing the Confidential Discovery Material to such witnesses of the obligations herein;

(f)     The author, custodian or recipient of the document(s);

(g)     Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

(h)     Outside vendors retained by or for the parties to assist in pretrial discovery,

trial and/or hearings in this Action, including, without limitation, litigation support personnel, jury consultants and individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, if advised by counsel disclosing the Confidential Discovery Material to such outside vendors of the obligations herein; and further provided that any report created by such outside vendor relying on or incorporating Confidential Discovery Material in whole or in part shall be designated as "CONFIDENTIAL" by the party responsible for its creation;

(i)     Any mediator or arbitrator retained by the parties;

(j)     Any insurers of the parties, and counsel to such insurers as necessary for the prosecution or defense of this Action;

(k)     The Court, Court personnel and any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper; and

(l)     Any person or entity who counsel for the parties agree, after conferring in good faith, should have access to such materials or who, upon motion with good cause shown, the Court orders may have access, as long as such person or entity agrees to be bound by the terms of this Protective Order by executing the Undertaking.

Material designated as "ATTORNEY'S EYES ONLY" may be used only as provided in paragraphs 3 and 17.

16.     Counsel of record shall retain throughout this Action the Undertakings executed by any persons or entities receiving Confidential Discovery Material and shall then exchange them upon request at the conclusion of this Action (meaning final judgment and exhaustion of all appeals or final settlement of all claims).   If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to

13

inspect the Undertakings before the conclusion of this Action.

17.     Notwithstanding the provisions in Paragraph 14 above, Confidential Discovery Material may be disclosed at a deposition to any employee of the Producing Party or to any author or recipient of the Confidential Discovery Material unless a different result is agreed to by counsel for the parties.  Where counsel for a party wishes to utilize documents designated "ATTORNEYS' EYES ONLY," the parties must come to an agreement regarding the protocol for such use.

18.     Persons described in Paragraph 14(b) and their associated personnel shall be deemed bound by the terms of this Protective Order upon its entry by the Court.

19.     Absent agreement of the parties, Confidential Discovery Material shall be used only for the prosecution or defense of this Action (including any appeals) and may be disclosed only under the circumstances and to the persons or entities specifically provided for in this or subsequent Court Orders or with the prior written consent of the Producing Party with respect to specifically identified Confidential Discovery Material. The recipient of any Confidential Discovery Material shall maintain such material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such material as is exercised by the recipient with respect to its own Confidential Discovery Material. Confidential Discovery Material shall not be copied, reproduced, summarized, extracted or abstracted except to the extent that such copying, reproduction, summaries, extraction or abstraction is reasonably necessary for the conduct of this Action. All such copies, reproductions, summaries, extractions, abstractions or other documents or media that paraphrase, excerpt, contain or otherwise reveal the substance of (other than in general terms) the Confidential Discovery Material shall be subject to the terms of this Protective Order and labeled in the same manner as the designated material on which they are based.

14

## V.    Deposition Procedures

20.    At any deposition, when counsel for a party or the deponent deems that the answer to a question will result in the disclosure of Confidential Discovery Material, counsel shall have the option, in lieu of taking other steps available under the Federal Rules of Civil Procedure, to request that all persons, other than the reporter, counsel and individuals specified in Paragraph 14 hereof who have access to the appropriate category of information, execute the Undertaking or leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with such requests shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question pending.

21.    Any deposition testimony concerning a confidential document produced by a non-party will be marked by the court reporter or videographer as "CONFIDENTIAL" on the deposition transcript or videotape.

## VI.    Efforts by Non-Parties to Obtain Confidential Discovery Material

22.    In the event any Receiving Party having possession, custody or control of any Confidential Discovery Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Confidential Discovery Material, but excluding requests made in connection with an inquiry by a governmental or regulatory authority (a "Third-Party Request"), the Receiving Party shall, to the extent permissible by applicable law and the rules and requirements of any relevant governmental or regulatory authority, promptly, and, in any event, within five business days of receipt of the Third-Party Request, give written notice to counsel for the Producing Party. The Producing Party shall have the burden of objecting to the Third-Party Request. The Receiving Party subject to the Third-Party Request shall be entitled to comply with

15

it except to the extent that the Producing Party is successful in obtaining an order modifying or quashing the Third-Party Request; provided, however, that the Receiving Party subject to the Third-Party Request shall await the latter of ten business days after notice of the request to the Producing Party or the disposition of any motion to quash or motion for a protective order filed by the Producing Party within such ten- business-day period before producing any Confidential Discovery Material in response to the Third- Party Request to the extent that doing so does not expose such Receiving Party to sanctions, an order of contempt or the like. Nothing in this Protective Order shall require any Receiving Party to disregard or violate any order or direction of any governmental or regulatory authority.

## VII.   Filing Under Seal

23.     In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use so long as it is approved by the Court as confidential. Without prior Order of the Court, if Confidential Discovery Material is to be filed or otherwise submitted to the Court, the party seeking to file documents under seal must comply with the procedures for filing a sealed document with the Court outlined in Rule 9(b) of the local rules for the Western District of Virginia, including: (a) delivering a copy of the material sought to be sealed to the Clerk of Court in a container "conspicuously labeled 'SEALED'"; (b) filing a motion to seal; and c) filing a public notice of a motion to seal.  As specified in Local Rule 9, sealing of portions of documents in not permitted; only entire documents may be sealed.

## VIII.   Use of Confidential Discovery Material at Trial

24.     In the event that any Confidential Discovery Material is used in any pretrial court hearing or proceeding in this Action, and there is any dispute as to whether such material

302012700 v5

continues to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the parties will meet and confer in an effort to resolve such dispute.

25.     Subject to the procedure outlined in Paragraph 22 above, Confidential Discovery Material may be offered into evidence at trial or at any court hearing in open court. The parties shall provide non-parties with notice of potential use at trial of any Confidential Discovery Material produced by such non-parties if and when any such materials are listed as potential exhibits in the required filings prior to the commencement of trial. The parties shall give notice as soon as practicable after Confidential Discovery Material that is not listed on the exhibit list is determined to be likely to be used by counsel for a party in the course of examination or cross-examination at trial. The Producing Party may apply for an order that evidence be received *in camera* or under other less public circumstances to prevent unnecessary disclosure.

26.     In entering into this Protective Order, the parties preserve all rights and objections they and non-parties may have to the use in this Action of Confidential Discovery Material, including, without limitation, the rights of any party to object to the admissibility of any materials into evidence at the trial of this Action based on the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, this Protective Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure. Further, this Protective Order shall not prejudice in any way the rights of any party to object to the authenticity or admissibility of any document, testimony or other evidence.

**IX.     Violations of Protective Order**

27.     All persons obtaining access to Discovery Material produced in connection with this Action shall use such Discovery Material only for the purpose of this Action and not for any other purpose. Any person found to have made an impermissible use of any Discovery Material

may be subject to, without limitation, appropriate civil penalties, including contempt of Court. Nothing in this Protective Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this Action in any manner that the party deems appropriate.

28.     If Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the Producing Party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the designated material and to prevent the occurrence of any further disclosure unauthorized by this Protective Order.

## X.     Procedures upon Termination of Action

29.     Within 90 days of the conclusion of this Action (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), all parties in receipt of Confidential Discovery Material shall use commercially reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such materials and certify that fact. It shall be the obligation of the party receiving Discovery Material to obtain the return of any such document(s) or information distributed by that party to any expert, consultant or other person in the course of the litigation or to obtain written certification of destruction of such document(s) or information from such expert, consultant or other person. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Discovery Material that is: (a) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (b) located in the e-mail archive system or archived electronic files of departed employees; or (c) subject to legal hold obligations.  Backup storage media will not be restored for purposes of returning or certifying destruction of Confidential Discovery Material, but such

retained information shall continue to be treated in accordance with the Protective Order. Counsel of record shall also be permitted to keep a copy of Confidential Discovery Material to the extent that it is incorporated into any pleadings, motions or other attorney work product. In that case, counsel of record shall continue to treat the protected material in accordance with this Protective Order. All restrictions in this Protective Order regarding the use by any person of information or knowledge obtained from Confidential Discovery Material shall continue even after such materials are returned or destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph.

## XI.    **Miscellaneous**

30.    Upon execution by the parties, this Protective Order shall become effective among such parties who have executed this agreement immediately upon such execution, whether or not it has yet been approved by the Court.

31.    Nothing in this Protective Order shall be construed as prejudicing any Producing Party's right to seek an agreement or Court Order providing additional confidentiality or other protections to any Confidential Discovery Material produced in this Action or to seek modifications of this Protective Order upon due notice to all other parties and affected non-parties. Until such agreement or order is obtained, however, this Protective Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

32.    In the event additional parties join or are joined in this Action, they shall not have access to Discovery Material until such newly joined parties or their counsel on their behalf have executed and filed with the Court their agreements to be fully bound by this Protective Order. Upon filing such agreement with the Court, any such newly joined party shall be treated as a "party" as that term is used herein and shall be entitled to the same rights and subject to the same

19

restrictions as may be imposed herein on any of the parties to this Action.

33.     The parties shall serve a copy of this Protective Order simultaneously with any discovery request made to or subpoena served on any non-party in this Action. Any non-party possessing Confidential Discovery Material must agree to be subject to and governed by the terms of this Protective Order.

34.     The parties shall not object to a non-party's appearance in this Action for the sole purpose of seeking to prevent or restrict disclosure of Confidential Discovery Material.

35.     This Protective Order shall continue in force after the completion of this Action.

36.     This Court shall retain jurisdiction over all persons and entities subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

37.     This Protective Order may be changed only by written agreement of the parties or by an Order of this Court and is entered into without prejudice to the right of any party or non-party to seek relief from, or modification of, this Protective Order or any provisions thereof by motion to the Court on notice to the other parties hereto.

This Protective Order may be executed in counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same document.


DATED:  July 2, 2018

/s/ Linda Odom
Linda Odom (VSB No. 77149)
John Longstreth (*pro hac vice*)
Daniel S. Cohen (VSB No. 92163)
**K&L Gates LLP**
1601 K St. NW
Washington, D.C. 20006
Tel: (202) 778-9000
Fax: (202) 778-9100

E-mail: linda.odom@klgates.com
john.longstreth@klgates.com
dan.cohen@klgates.com

Lisa A. Robertson
Chief Deputy and Acting City Attorney (VSB No. 32486)
Sebastian Waisman (VSB No. 91665)
**Office of the City Attorney**
P.O. Box 911
Charlottesville, VA 22902
Tel: (434) 970-3131
Fax: (434) 970-3022
E-mail: robertsonl@charlottesville.org
waismans@charlottesville.org

*Counsel for Defendants*

\*      \*      \*      \*      \*

# ORDER

IT IS SO ORDERED.

DATED: _____        _____
THE HONORABLE JOEL C. HOPPE
UNITED STATES MAGISTRATE JUDGE

21

**APPENDIX A**

**UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF VIRGINIA**
Charlottesville Division

| | | |
|---|---|---|
| JASON KESSLER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:18cv00015-NKM-JCH |
| | ) | |
| CITY OF CHARLOTTESVILLE | ) | |
| MAURICE JONES | ) | |
| Charlottesville City Manager | ) | |
| In his individual and official capacities | ) | |
| | ) | |
| Defendants. | ) | |

_____

The undersigned hereby certified that he/she has received a copy of the Protective Order in the above-captioned case, that he/she has read the Protective Order, that he/she understands its terms and agrees to be bound by all of the provisions thereof and that he/she agrees to submit to the jurisdiction of the United States District Court for the Western District of Virginia for the enforcement thereof, even if such enforcement proceedings occur after termination of this Action. He/she understands that violation of the Protective Order is punishable by contempt of Court.

Dated:_____     Name:_____

Title: _____

Signed:_____

302012700 v5

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2018, the foregoing Motion for protective order and

proposed order were filed electronically with the Clerk of Court using the CM/ECF system,

which will send a Notice of Electronic Filing (NEFF) to counsel of record in this matter.


/s/ Linda Odom_____
Linda Odom (VSB No. 77149)
**K&L Gates LLP**
1601 K St. NW
Washington, D.C. 20006
Tel: (202) 778 -9000
Fax: (202) 78 -9100
Email: linda.odom@klgates.com

*Counsel for Defendants.*